**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 18-cv-00837-RM-KMT

KAITLYIN DAY, an individual

     Plaintiff,

v.

THE CAREER BUILDING ACADEMY, a nonprofit organization,
RICHARD N. JOHNSON, an individual, and
JOY MORALES CRESS, an individual,

     Defendants.

_____

**ORDER**
_____

This matter is before the Court on Plaintiff's Motion for Default Judgment ("Motion") against Defendant The Career Building Academy ("Academy"), filed pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 87.) Plaintiff requests default judgment on the issue of liability, with the issue of damages to be determined as part of the trial against the remaining Defendants. The Motion was filed after the Clerk entered default. (ECF Nos 69, 70.) For the reasons stated below, the Motion is denied without prejudice.

I.    **LEGAL STANDARD**

Whether to enter default judgment is committed "to the district court's sound discretion." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation omitted). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation marks and

citation omitted).

Before it may grant a motion for default judgment, the Court must take two steps. First, the Court has an affirmative duty to ensure its jurisdiction over the subject matter of the action and the parties. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). Then, the Court should consider whether the well-pleaded allegations of fact—which are admitted by a defendant upon default—support a judgment on the claims against the defaulting defendant. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (by his default, defendant relieved plaintiff from having to prove complaint's factual allegations; the judgment, however, must be supported by sufficient basis in the pleadings); *Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015).

## II.    BACKGROUND

Academy is a non-profit Colorado corporation and Charter School located in Colorado Springs, Colorado. Defendants Johnson and Cress are allegedly the Chief Executive Officer and Executive Director, respectively, of the Academy. According to Plaintiff, Defendants hired nonparty Robert Wilkerson as an instructor at the Academy who proceeded to groom Plaintiff, then a minor, for a sexual relationship. After Plaintiff reported the sexual relationship, and the police investigated, Wilkerson pled guilty to felony assault on a minor by one in a position of trust. Plaintiff alleges Defendants had actual knowledge of Wilkerson's inappropriate sexual contact with Plaintiff but failed to act.

Plaintiff's suit alleges five claims for relief. As relevant here, one claim is directed against Academy – sexual harassment in violation of Title IX (28 U.S.C. § 1681(a)).

### III.  DISCUSSION

The Court finds that the jurisdictional prerequisites for granting default judgment are satisfied in this case. The Court has subject matter jurisdiction over actions raising federal questions. 28 U.S.C. § 1331. In addition, the Court has personal jurisdiction over Colorado corporations. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997) ("[T]he plaintiff need only make a prima facie showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials.").

The Court does not find, however, that Plaintiff has shown the well-pleaded factual allegations support a judgment on the Title IX claim against the Academy. Here, Plaintiff summarily asserts that Academy is in default and, therefore, default judgment should enter. But, Plaintiff fails to set forth the elements of her claim under Title IX or how her well-pleaded factual allegations or supporting documents, if any, show that they form a cognizable claim under Title IX. Accordingly, default judgment may not be entered.

### IV.  CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 87) is DENIED WITHOUT PREJUDICE.

DATED this 18th day of March, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge